RAHN *v.* SCHOOL CITY OF GARY

[No. 27,345. Filed February 27, 1940.]

*Newton A. Hembroff* and *John F. Stubbler,* both of East Chicago, for appellant.

*Fred Eichhorn* and *Gilbert Gruenberg,* both of Gary, for appellee.

FANSLER, J.—The appellant brought this action against the appellee to recover $780 upon a contract for the rental of a concrete mixer. There was a judgment for the plaintiff for $20. The plaintiff filed a motion for a new trial, which was overruled, and error is assigned upon this ruling.

It is the contention that the amount of the recovery is too' small; that the decision is not sustained by the evidence; and that it is predicated upon incompetent evidence. There is no substantial conflict in the evidence. It appears that the concrete mixer was delivered to the defendant upon an agreement of rental at the rate of $60 per month, and $2.00 per day for any fraction of a month, and that $296 rental was paid.

The appellant testified that at the conclusion of the period for which rental was paid he had a conversation

with somebody from the school board about the concrete mixer. He testified: "They didn't have any immediate use for the mixer, wouldn't have use for it for about two months and they asked me if I would charge them during that time. I told them if they would keep the mixer clean and keep it in a sheltered place it would be all right, but they should let me know when they started to use it again; they could pay for it according to the work." This is all of the testimony concerning this understanding. There was evidence that after this time the concrete mixer was used on ten different days. The court construed the language to mean that the school board was to pay thereafter only for the days upon which it used the concrete mixer in its work, and hence the judgment for $20.

The appellant contends that he meant by his statement to the representative of the school board that it was not to pay during the two months intervening before it again had work, but that after it began work it was to pay straight time for all the days thereafter during which the mixer was retained in its possession.

The case turns upon the meaning of the expression, "pay for it according to the work." If there is ambiguity it must be resolved against the appellant under the well-settled rule that, where doubtful or ambiguous language is used in a contract, it must be construed most strongly against the party who used it. The language does not clearly require payment as contended for by appellant, and the construction put upon it by the trial court is not strained or unreasonable.

The testimony quoted was brought out on cross-examination. The appellant contends that it cannot be considered for the reason that there was no affirmative answer, and that it tends to show a modification

of the contract, and that the recovery clearly was upon a contract different than the one sued upon.

There was no objection to the testimony, and it is conceded that it was competent at least for the purpose of showing that the contract sued upon had been terminated. The trial court treated the original contract as still in force, but concluded that the defendant was liable only for the days upon which the machine was in use; that the supplemental agreement affected only the care and storage of the machine in the intervals between use, when it was to be held by the appellee for the appellant, thus avoiding the inconvenience of return and redelivery after each interval of work. The evidence is pertinent and can be reasonably construed as supporting the result reached.

Judgment affirmed.

NOTE.—Reported in 25 N. E. (2d) 441.